PJG:mg 23-45

IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Roseland Community Hospital,<br><br>Debtor. | No. 26-18477<br>Hon. Judge David D. Cleary<br>Chapter 11 |

**GAIL CANNON'S MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) TO PERMIT APPROVAL OF WRONGFUL DEATH SETTLEMENT**

NOW COMES Movant, GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, deceased, and as Independent Administrator of the Estate of BABY FETUS DAVIS, deceased, by and through her attorneys, NAPLETON & PARTNERS, and pursuant to 11 U.S.C. § 362(d)(1), respectfully moves this Court for entry of an order granting limited relief from the automatic stay to permit Movant to obtain judicial approval of a previously negotiated wrongful death settlement in the underlying state court action. In support of this Motion, Movant states as follows:

1. Movant, Gail Cannon, is the duly appointed Independent Administrator of the Estate of Lolita Davis, deceased, and the Estate of Baby Fetus Davis, deceased.

2. Movant commenced wrongful death action sounding in medical negligence against Roseland Community Hospital in the Circuit Court of Cook County, Illinois, captioned *Gail Cannon, as Independent Administrator of the Estate of Lolita Davis, deceased, and as Independent Administrator of the Estate of Baby Fetus Davis, deceased v. Roseland Community Hospital*, Case No. 2025 L 1436 (the "Underlying Action"). (*See* Complaint at Law attached as **Exhibit 1**.)

3. The Underlying Action arises from the medical care and treatment provided by Roseland Community Hospital to Lolita Davis and the circumstances surrounding the death of Baby Fetus Davis.

4. During the pendency of the Underlying Action, Movant reached a settlement resolving the claims asserted against Roseland Community Hospital. The settlement was negotiated with and is to be funded by Roseland Community Hospital's liability insurance carrier, ProAssurance Specialty Insurance Company ("ProAssurance").

5. The parties have resolved the underlying claims through the settlement. No further adjudication of Roseland Community Hospital's liability or the amount of damages is necessary or contemplated.

6. The Underlying Action remains pending solely to complete the statutory notice process concerning the unknown father of Baby Fetus Davis and to obtain judicial approval of the wrongful death settlement and its allocation and distribution.

7. Movant is presently completing the required notice proceedings concerning the unknown father. Following the expiration of the applicable notice period, Movant intends to present a Petition to Approve Wrongful Death Settlement to the Circuit Court of Cook County. Hearing on Movant's Petition in the underlying action is scheduled for December 1, 2026 – a date which was set prior to the commencement of Debtor's bankruptcy proceedings.

8. Judicial approval is necessary to finalize the settlement and authorize the appropriate distribution of the settlement proceeds.

9. The commencement of the Debtor's bankruptcy case resulted in the imposition of the automatic stay pursuant to 11 U.S.C. § 362(a). (*See* Required Statement to Accompany Motions for Relief From Stay attached as **Exhibit 2**.)

10. Section 362(d)(1) of the Bankruptcy Code provides that, upon request of a party in interest and after notice and a hearing, the Court shall grant relief from the automatic stay for cause.

11. Cause exists to grant the limited relief requested herein.

12. First, the settlement of the Underlying Action has already been negotiated with ProAssurance, the Debtor's liability insurance carrier. Movant does not seek to continue litigating the merits of the underlying medical negligence and wrongful death claims or to obtain a judgment establishing additional liability against the Debtor.

13. Second, the only remaining proceedings in the Underlying Action concern judicial approval of the settlement pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.

14. Third, permitting the state court to consider and approve the settlement will facilitate the final resolution of the Underlying Action without requiring further litigation concerning the Debtor's alleged conduct, liability, or damages.

15. Fourth, the requested relief is narrowly tailored. Movant seeks permission only to present the Petition to Approve Wrongful Death Settlement, obtain an order approving the settlement and its allocation and distribution, and consummate the settlement through ProAssurance.

16. Movant does not seek authorization to execute against the Debtor, collect from the Debtor, or pursue property of the bankruptcy estate. Any recovery is intended to be funded by ProAssurance pursuant to the settlement and applicable insurance coverage.

17. Accordingly, granting limited relief from the automatic stay will permit completion of an already-negotiated settlement while preserving the protections afforded to the Debtor and the bankruptcy estate under the Bankruptcy Code.

**REQUESTED RELIEF**

18. Movant respectfully requests that the Court modify the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for the limited purpose of permitting presentation of the Petition to Approve Wrongful Death Settlement in the Underlying Action.

19. Movant further requests authorization to obtain an order from the Circuit Court of Cook County approving the settlement, determining the appropriate allocation and distribution of the settlement proceeds, and permitting such ancillary proceedings as are necessary to effectuate the settlement.

20. Movant additionally requests that the relief granted expressly permit consummation of the settlement and payment by ProAssurance, subject to any further authorization required by this Court concerning insurance proceeds that constitute property of the bankruptcy estate.

21. A proposed order is attached hereto as **Exhibit 3**.

WHEREFORE, Movant, GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, deceased, and as Independent Administrator of the Estate of BABY FETUS DAVIS, deceased, respectfully requests that this Court enter an Order providing the above-requested relief.

Respectfully submitted,

________________________________
PATRICK J. GIESE
Attorney for Plaintiff

NAPLETON & PARTNERS
140 S. Dearborn St., Ste. 1500
Chicago, IL 60603
(312) 726-2699
Attorney No. 101359
pgiese@rjnlawoffice.com
mgamber@rjnlawoffice.com

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: <<CmsHearingStart>>

121 Person Jury

Civil Action Cover Sheet - Case Initiation (12/01/24) CCL 0520

FILED DATE: 1/31/2025 10:41 AM 2025L001436

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FILED
1/31/2025 10:41 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L001436
Calendar, D
31215744

PLAINTIFF'S EXHIBIT 1

GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, deceased, and as Independent Administrator of the Estate of BABY FETUS DAVIS, deceased,

v.

ROSELAND COMMUNITY HOSPITAL, and EMERGENCY MEDICAL SPECIALISTS, S.C.

No. 2025L001436

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ■ Yes ❑ No

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

(FILE STAMP)

**PERSONAL INJURY/WRONGFUL DEATH**

CASE TYPES:

- ❑ 027 Motor Vehicle
- ■ 040 Medical Malpractice
- ❑ 047 Asbestos
- ❑ 048 Dram Shop
- ❑ 049 Product Liability
- ❑ 051 Construction Injuries (including Structural Work Act, Road Construction Injuries Act and negligence)
- ❑ 052 Railroad/FELA
- ❑ 053 Pediatric Lead Exposure
- ❑ 061 Other Personal Injury/Wrongful Death
- ❑ 063 Intentional Tort
- ❑ 064 Miscellaneous Statutory Action (Please Specify Below**)
- ❑ 065 Premises Liability
- ❑ 078 Fen-phen/Redux Litigation
- ❑ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**

CASE TYPES:

- ❑ 007 Confessions of Judgment
- ❑ 008 Replevin
- ❑ 009 Tax
- ❑ 015 Condemnation
- ❑ 017 Detinue
- ❑ 029 Unemployment Compensation
- ❑ 031 Foreign Transcript
- ❑ 036 Administrative Review Action
- ❑ 085 Petition to Register Foreign Judgment
- ❑ 099 All Other Extraordinary Remedies

By: Brion W. Doherty
(Attorney) (Pro Se)

**COMMERCIAL LITIGATION**

CASE TYPES:

- ❑ 002 Breach of Contract
- ❑ 070 Professional Malpractice (other than legal or medical)
- ❑ 071 Fraud (other than legal or medical)
- ❑ 072 Consumer Fraud
- ❑ 073 Breach of Warranty
- ❑ 074 Statutory Action (Please specify below.**)
- ❑ 075 Other Commercial Litigation (Please specify below.**)
- ❑ 076 Retaliatory Discharge

**OTHER ACTIONS**

CASE TYPES:

- ❑ 062 Property Damage
- ❑ 066 Legal Malpractice
- ❑ 077 Libel/Slander
- ❑ 079 Petition for Qualified Orders
- ❑ 084 Petition to Issue Subpoena
- ❑ 100 Petition for Discovery

** ______________________________

Primary Email: bdoherty@rjnlawoffice.com

Secondary Email: ipatel@rjnlawoffice.com

Tertiary Email: firm@rjnlawoffice.com

**Pro Se Only:** ❑ I have read and agree to the terms of the *Clerk's Oice Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: ______________________________

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

FILED DATE: 1/31/2025 10:41 AM 2025L001436

BWD:ip 23-45

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, deceased, and as Independent Administrator of the Estate of BABY FETUS DAVIS, deceased,

Plaintiff,

v.

ROSELAND COMMUNITY HOSPITAL, and EMERGENCY MEDICAL SPECIALISTS, S.C.,

Defendants.

Case No. 2025L001436

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, deceased, and as Independent Administrator of the Estate of BABY FETUS DAVIS, deceased, (hereinafter “GAIL CANNON, Independent Administrator”) by and through her attorneys, NAPLETON & PARTNERS, and complaining of Defendants, ROSELAND COMMUNITY HOSPITAL and EMERGENCY MEDICAL SPECIALISTS, S.C., states as follows:

**GENERAL ALLEGATIONS**

1. On or about May 15, 2020, and at all relevant times, Defendant, ROSELAND COMMUNITY HOSPITAL, was an Illinois corporation and hospital doing business in Illinois, located at 45 West 111th Street, in the City of Chicago, County of Cook, State of Illinois.

2. On or about May 15, 2020, and at all relevant times, Defendant, ROSELAND COMMUNITY HOSPITAL, provided certain facilities and employed, retained, or otherwise controlled and

FILED DATE: 1/31/2025 10:41 AM 2025L001436

directed certain medical personnel, including, but not limited to, physicians, nurses, residents, and other medicals staff.

3. On or about May 15, 2020, and at all relevant times, Defendant, ROSELAND COMMUNITY HOSPITAL, owned, operated, controlled, and/or otherwise maintained a hospital and/or medical facility located at 45 West 111th Street, in the City of Chicago, County of Cook, State of Illinois.

4. On or about May 15, 2020, and at all relevant times, Defendant, ROSELAND COMMUNITY HOSPITAL, held itself out to the general public, including the Plaintiff, to be a provider of medical, nursing, and clinical services.

5. On or about May 15, 2020, and at all relevant times, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., was an Illinois corporation, with its registered agent located at 20 North Clark Street, in the City of Chicago, County of Cook, State of Illinois.

6. On or about May 15, 2020, and at all relevant times, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., provided certain emergency room facilities and employed, retained, or otherwise controlled and directed certain medical personnel, including but not limited to, emergency room physicians, nurses, residents, and other medical staff.

7. On or about May 15, 2020, and at all relevant times, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., by contract or agreement, operated, controlled, and/or otherwise maintained the emergency room and its operations at ROSELAND COMMUNITY HOSPITAL, located at 45 West 111th Street, in the City of Chicago, County of Cook, State of Illinois.

8. On or about May 15, 2020, and at all relevant times, ROSELAND COMMUNITY HOSPITAL, had a relationship with Defendant EMERGENCY MEDICAL

FILED DATE: 1/31/2025 10:41 AM 2025L001436

SPECIALISTS, S.C., and/or made representations to the general public, including the Plaintiff, by permitting Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., and its agents, servants, and/or employees, to provide medical services, care, and treatment at ROSELAND COMMUNITY HOSPITAL, located at 45 West 111th Street, in the City of Chicago, County of Cook, State of Illinois, and through its name, agreements, advertisements, brochures, uniforms, staffing, privileges, referrals and through other representations or material, represented that Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C.'s agents, servants, and/or employees were the agents, employees, servants, and/or partners of ROSELAND COMMUNITY HOSPITAL.

9. On or about May 15, 2020, and at all relevant times, Defendants, ROSELAND COMMUNITY HOSPITAL and EMERGENCY MEDICAL SPECIALISTS, S.C., by and through their agents, servants, and/or employees provided medical services to patients, including but not limited to Plaintiffs decedents, LOLITA DAVIS and BABY FETUS DAVIS, at ROSELAND COMMUNITY HOSPITAL, located at 45 West 111th Street, in the City of Chicago, County of Cook, State of Illinois.

10. On or about May 15, 2020, and at all relevant times, relying on representations made by one or more Defendants, Plaintiffs decedents, LOLITA DAVIS and BABY FETUS DAVIS, sought out treatment and medical care from Defendants, ROSELAND COMMUNITY HOSPITAL and EMERGENCY MEDICAL SPECIALISTS, S.C., individually, and by and through its partners, staff physicians, registered nurses, agents, apparent agents, servants, and/or employees.

11. On or about May 15, 2020, at approximately 11:45 a.m. Decedent, LOLITA DAVIS, who

FILED DATE: 1/31/2025 10:41 AM 2025L001436

was at the time 30 weeks pregnant, presented to the Defendants, ROSELAND COMMUNITY HOSPITAL and EMERGENCY MEDICAL SPECIALISTS, S.C., individually and by and through its partners, staff physicians, agents, servants, and/or employees, via ambulance with complaints of abdominal pain.

12. On or about May 15, 2020, Defendants, ROSELAND COMMUNITY HOSPITAL and EMERGENCY MEDICAL SPECIALISTS, S.C., individually and by and through their agents, servants and/or employees, failed to appropriately triage Decedent, LOLITA DAVIS and her 30-week fetus, BABY FETUS DAVIS, and allowed her to sit in the emergency room untreated for over three hours.

13. On or about May 15, 2020, upon triage, Decedent, LOLITA DAVIS, was suffering from an emergent condition and suffered tachycardia and ultimately had a cardio-pulmonary episode causing her to become unresponsive.

14. On or about May 15, 2020, upon triage, Decedent, BABY FETUS DAVIS, was recorded to have a fetal heart rate of 184 BPM, immediately before Decedent, LOLITA DAVIS, became unresponsive.

15. On or about May 15, 2020, when Decedent, LOLITA DAVIS, became unresponsive, Defendants, ROSELAND COMMUNITY HOSPITAL and EMERGENCY MEDICAL SPECIALISTS, S.C., individually and by and through its partners, staff physicians, agents, servants, and/or employees, failed to order and perform an emergency cesarean section to ensure the well-being of BABY FETUS DAVIS.

16. Decedents, LOLITA DAVIS and BABY FETUS DAVIS, died on May 15, 2020.

17. On August 10, 2020, GAIL CANNON was appointed Independent Administrator of the

FILED DATE: 1/31/2025 10:41 AM 2025L001436

Estate of LOLITA DAVIS.

18. On October 4, 2021, GAIL CANNON was appointed Independent Administrator of the Estate of BABY FETUS DAVIS.

19. This matter is timely re-filed following an agreed order for voluntary non-suit with leave to refile that was entered on February 20, 2024.

**COUNT I: WRONGFUL DEATH/ MEDICAL NEGLIGENCE**
**Gail Cannon, as Independent Administrator of the Estate of Lolita Davis v. Roseland Community Hospital**

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

20. On or about May 15, 2020, and at all times relevant, in rendering medical care and treatment to Plaintiffs Decedent, LOLITA DAVIS, Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants, and/or employees, had a duty to possess and apply the knowledge, skill and care of a reasonably careful medical center, doctor, nurse and/or other professional under similar circumstances practicing in the same locality.

21. On or about May 15, 2020, and at all times relevant, Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants, and/or employees, negligently breached the aforesaid duty to Plaintiffs Decedent, LOLITA DAVIS, in one or more of the following ways:

a. Failed to assess, triage, and perform a medical screening on Decedent, Lolita Davis;

b. Failed to transfer, Decedent, Lolita Davis to obstetrics and gynecology triage upon her arrival in the Emergency Department;

FILED DATE: 1/31/2025 10:41 AM 2025L001436

c. Failed to timely triage Decedent, Lolita Davis;

d. Failed to treat Decedent, Lolita Davis's complaints of abdominal pain;

e. Failed to treat Decedent, Lolita Davis's elevated blood pressure,

f. Failed to place a heart monitor on Decedent, Lolita Davis and Baby Fetus Davis;

g. Failed to perform a detailed intake and history of Decedent, Lolita Davis and her present condition as 30-week pregnant woman;

h. Failed to timely administer medication to treat Decedent, Lolita Davis's elevated blood pressure;

i. Failed to monitor Decedent, Lolita Davis and Baby Fetus Davis, sufficiently and closely upon triage;

j. Failed to timely admit Decedent, Lolita Davis;

k. Otherwise deviated from the standard of care by failing to timely diagnose and treat Decedent, Lolita Davis's serious medical condition.

22. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants and/or employees, Plaintiff's Decedent, LOLITA DAVIS, was caused to suffer serious and permanent injury, including tachycardia, a cardio-pulmonary episode, and ultimately death.

23. The Plaintiff, GAIL CANNON, Independent Administrator, brings this action pursuant to 740 ILCS 180/1, et. seq., commonly known as the Wrongful Death Act.

24. At the time of Decedent, Lolita Davis's death, she left surviving her the following next-of-kin: Daughter, Marlissa Cannon, Son, Demarcus Cannon, and Daughter, Lela Davis.

25. The Decedent, LOLITA DAVIS, left surviving her at the time of her death, her next of kin, who by reason of Decedent LOLITA DAVIS's death did sustain grief, sorrow and pecuniary

FILED DATE: 1/31/2025 10:41 AM 2025L001436

losses including but not limited to goods, services and loss of society.

26. Plaintiff, GAIL CANNON, and Independent Administrator of the Estate of LOLITA DAVIS, attaches affidavits and certification for an action in medical negligence in compliance with 735 ILCS 5/2-622, as Exhibit A.

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, by and through her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, ROSELAND COMMUNITY HOSPITAL, in an amount in excess of $50,000.00, plus costs of this action.

## COUNT II: WRONGFUL DEATH/ MEDICAL NEGLIGENCE

**Gail Cannon, as Independent Administrator of the Estate of Lolita Davis v Emergency Medical Specialists, S.C.**

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

20. On or about May 15, 2020, and at all times relevant, in rendering medical care and treatment to Plaintiffs Decedent, LOLITA DAVIS, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants, and/or employees, had a duty to possess and apply the knowledge, skill and care of a reasonably careful medical corporation, doctor, nurse and/or other professional under similar circumstances practicing in the same locality.

21. On or about May 15, 2020, and at all times relevant, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants, and/or employees, negligently breached the aforesaid duty to Plaintiffs

FILED DATE: 1/31/2025 10:41 AM 2025L001436

Decedent, LOLITA DAVIS, in one or more of the following ways:

a. Failed to assess, triage, and perform a medical screening on Decedent, Lolita Davis;

b. Failed to transfer, Decedent, Lolita Davis to obstetrics and gynecology triage upon her arrival in the Emergency Department;

c. Failed to timely triage Decedent, Lolita Davis;

d. Failed to treat Decedent, Lolita Davis's complaints of abdominal pain;

e. Failed to treat Decedent, Lolita Davis's elevated blood pressure,

f. Failed to place a heart monitor on Decedent, Lolita Davis and Baby Fetus Davis;

g. Failed to perform a detailed intake and history of Decedent, Lolita Davis and her present condition as 30-week pregnant woman;

h. Failed to timely administer medication to treat Decedent, Lolita Davis's elevated blood pressure;

i. Failed to monitor Decedent, Lolita Davis and Baby Fetus Davis, sufficiently and closely upon triage;

j. Failed to timely admit Decedent, Lolita Davis;

k. Otherwise deviated from the standard of care by failing to timely diagnose and treat Decedent, Lolita Davis's serious medical condition.

22. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants and/or employees, Plaintiffs Decedent, LOLITA DAVIS, was caused to suffer serious and permanent injury, including tachycardia, a cardio-pulmonary episode, and ultimately death.

23. The Plaintiff, GAIL CANNON, Independent Administrator, brings this action pursuant to 740 ILCS 180/1, et. seq., commonly known as the Wrongful Death Act.

FILED DATE: 1/31/2025 10:41 AM 2025L001436

24. At the time of Decedent, Lolita Davis's death, she left surviving her the following next-of-kin: Daughter, Marlissa Cannon, Son, Demarcus Cannon, and Daughter, Lela Davis.

25. The Decedent, LOLITA DAVIS, left surviving her at the time of her death, next of kin, who by reason of Decedent's, LOLITA DAVIS's, death did sustain grief, sorrow and pecuniary losses including but not limited to goods, services and loss of society.

26. Plaintiff, GAIL CANNON, and Independent Administrator of the Estate of LOLITA DAVIS, attaches affidavits and certification for an action in medical negligence in compliance with 735 ILCS 5/2-622, as Exhibit A.

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, by and through her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., in an amount in excess of $50,000.00, plus costs of this action.

**COUNT III: SURVIVORSHIP**

**Gail Cannon, as Independent Administrator of the Estate of Lolita Davis v Roseland Community Hospital**

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

20. On or about May 15, 2020, and at all times relevant, in rendering medical care and treatment to Plaintiffs Decedent, LOLITA DAVIS, Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants, and/or employees, had a duty to possess and apply the knowledge, skill and care of a reasonably careful medical center, doctor, nurse and/or other professional under similar circumstances practicing in the same locality.

FILED DATE: 1/31/2025 10:41 AM 2025L001436

21. On or about May 15, 2020, and at all times relevant, Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants, and/or employees, negligently breached the aforesaid duty to Plaintiffs Decedent, LOLITA DAVIS, in one or more of the following ways:

a. Failed to assess, triage, and perform a medical screening on Decedent, Lolita Davis;

b. Failed to transfer, Decedent, Lolita Davis to obstetrics and gynecology triage upon her arrival in the Emergency Department;

c. Failed to timely triage Decedent, Lolita Davis;

d. Failed to treat Decedent, Lolita Davis's complaints of abdominal pain;

e. Failed to treat Decedent, Lolita Davis's elevated blood pressure,

f. Failed to place a heart monitor on Decedent, Lolita Davis and Baby Fetus Davis;

g. Failed to perform a detailed intake and history of Decedent, Lolita Davis and her present condition as 30-week pregnant woman;

h. Failed to timely administer medication to treat Decedent, Lolita Davis's elevated blood pressure;

i. Failed to monitor Decedent, Lolita Davis and Baby Fetus Davis, sufficiently and closely upon triage;

j. Failed to timely admit Decedent, Lolita Davis;

k. Otherwise deviated from the standard of care by failing to timely diagnose and treat Decedent, Lolita Davis's serious medical condition.

22. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants and/or employees, Plaintiffs Decedent, LOLITA DAVIS, was caused to suffer serious and permanent injury, including tachycardia, a cardio-pulmonary episode, and ultimately death.

FILED DATE: 1/31/2025 10:41 AM 2025L001436

23. The Plaintiff, GAIL CANNON, Independent Administrator, brings this action pursuant to 755 ILCS 5/27-6, et. seq., commonly known as the Survival Act.

24. Plaintiff, GAIL CANNON, and Independent Administrator of the Estate of LOLITA DAVIS, attaches affidavits and certification for an action in medical negligence in compliance with 735 ILCS 5/2-622, as Exhibit A

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, by and through her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, ROSELAND COMMUNITY HOSPITAL, in an amount in excess of $50,000.00, plus costs of this action.

## COUNT IV: SURVIVORSHIP

**Gail Cannon, as Independent Administrator of the Estate of Lolita Davis v Emergency Medical Specialists, S.C.**

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

20. On or about May 15, 2020, and at all times relevant, in rendering medical care and treatment to Plaintiffs Decedent, LOLITA DAVIS, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants, and/or employees, had a duty to possess and apply the knowledge, skill and care of a reasonably careful medical center, doctor, nurse and/or other professional under similar circumstances practicing in the same locality.

FILED DATE: 1/31/2025 10:41 AM 2025L001436

21. On or about May 15, 2020, and at all times relevant, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants, and/or employees, negligently breached the aforesaid duty to Plaintiffs Decedent, LOLITA DAVIS, in one or more of the following ways:

a. Failed to assess, triage, and perform a medical screening on Decedent, Lolita Davis;

b. Failed to transfer, Decedent, Lolita Davis to obstetrics and gynecology triage upon her arrival in the Emergency Department;

c. Failed to timely triage Decedent, Lolita Davis;

d. Failed to treat Decedent, Lolita Davis's complaints of abdominal pain;

e. Failed to treat Decedent, Lolita Davis's elevated blood pressure,

f. Failed to place a heart monitor on Decedent, Lolita Davis and Baby Fetus Davis;

g. Failed to perform a detailed intake and history of Decedent, Lolita Davis and her present condition as 30-week pregnant woman;

h. Failed to timely administer medication to treat Decedent, Lolita Davis's elevated blood pressure;

i. Failed to monitor Decedent, Lolita Davis and Baby Fetus Davis, sufficiently and closely upon triage;

j. Failed to timely admit Decedent, Lolita Davis;

k. Otherwise deviated from the standard of care by failing to timely diagnose and treat Decedent, Lolita Davis's serious medical condition.

22. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants and/or employees, Plaintiffs Decedent, LOLITA DAVIS, was caused to suffer serious and permanent injury, including tachycardia, a cardio-pulmonary episode, and ultimately death.

FILED DATE: 1/31/2025 10:41 AM 2025L001436

23. The Plaintiff, GAIL CANNON, Independent Administrator, brings this action pursuant to 755 ILCS 5/27-6, et. seq., commonly known as the Survival Act.

24. Plaintiff, GAIL CANNON, and Independent Administrator of the Estate of LOLITA DAVIS, attaches affidavits and certification for an action in medical negligence in compliance with 735 ILCS 5/2-622, as Exhibit A.

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, by and through her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., in an amount in excess of $50,000.00, plus costs of this action.

**COUNT V: INSTITUTIONAL NEGLIGENCE**
**Gail Cannon, as Independent Administrator of the Estate of Lolita Davis v Roseland Community Hospital**

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

20. At all relevant times, Defendant, ROSELAND COMMUNITY HOSPITAL, had a duty to act as a reasonably careful Medical Center would under similar circumstances.

21. On or about May 15, 2020, and at all relevant times, Defendant, ROSELAND COMMUNITY HOSPITAL, negligently breached the aforesaid duty to Decedent, LOLITA DAVIS, in one or more of the following ways:

a. Failed to implement an appropriate triage protocol, policy, and/or procedureand/or failed to enforce the same, for the care of an emergent 30-week pregnant woman;

FILED DATE: 1/31/2025 10:41 AM 2025L001436

b. Failed to implement an appropriate triage protocol, policy, and/or procedure, and/or failed to enforce the same, for the documentation of the intake and/or triage of patients coming into the hospital;

c. Failed to hire and retain capable staff for the treatment of a 30-week pregnant emergent patient;

d. Failed to implement an appropriate triage protocol, policy, and/or procedure, and/or failed to enforce the same, for the proper prioritization of patients for admission;

e. Failed to implement an appropriate triage and transfer protocol, policy, and/or procedure, and/or failed to enforce the same, for the transfer of 30-week pregnant patients to be transferred for immediate assessment and/or triage by obstetrics and gynecology; and/or

f. Otherwise failed to implement or enforce appropriate protocol, policy and/or procedure to avoid injury to the Decedent, LOLITA DAVIS.

22. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, ROSELAND COMMUNITY HOSPITAL, individually, Plaintiffs Decedent, LOLITA DAVIS, was caused to suffer serious and permanent injury, including tachycardia, a cardio-pulmonary episode, and ultimately death.

23. Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, attaches affidavits and certification for an action in medical negligence in compliance with 735 ILCS 5/2-622, as Exhibit A

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, by and through her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, ROSELAND COMMUNITY HOSPITAL, individually, in an amount in excess of $50,000.00, plus costs of this action.

## COUNT VI: INSTITUTIONAL NEGLIGENCE

**Gail Cannon, as Independent Administrator of the Estate of Lolita Davis v Emergency Medical Specialists, S.C.**

FILED DATE: 1/31/2025 10:41 AM 2025L001436

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

20. At all relevant times, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., had a duty to act as a reasonably careful Medical Corporation would under similar circumstances.

21. On or about May 15, 2020, and at all relevant times, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., negligently breached the aforesaid duty to Decedent, LOLITA DAVIS, in one or more of the following ways:

a. Failed to implement an appropriate triage protocol, policy, and/or procedure and/or failed to enforce the same, for the care of an emergent 30-week pregnant woman;

b. Failed to implement an appropriate triage protocol, policy, and/or procedure, and/or failed to enforce the same, for the documentation of the intake and/or triage of patients coming into the hospital;

c. Failed to hire and retain capable staff for the treatment of a 30-week pregnant emergent patient;

d. Failed to implement an appropriate triage protocol, policy, and/or procedure, and/or failed to enforce the same, for the proper prioritization of patients for admission;

e. Failed to implement an appropriate triage and transfer protocol, policy, and/or procedure, and/or failed to enforce the same, for the transfer of 30-week pregnant patients to be transferred for immediate assessment and/or triage by obstetrics and gynecology; and/or

f. Otherwise failed to implement or enforce appropriate protocol, policy arid/or procedure to avoid injury to the Decedent, LOLITA DAVIS.

22. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually, Plaintiffs Decedent, LOLITA DAVIS, was caused to suffer serious and permanent injury, including tachycardia, a cardio-pulmonary episode, and ultimately death.

FILED DATE: 1/31/2025 10:41 AM 2025L001436

23. Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, attaches affidavits and certification for an action in medical negligence in compliance with 735 ILCS 5/2-622, as Exhibit A.

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, by and through her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually, in an amount in excess of $50,000.00, plus costs of this action.

**COUNT VII: WRONGFUL DEATH/ MEDICAL NEGLIGENCE**
**Gail Cannon, as Independent Administrator of the Estate of Baby Fetus Davis v Roseland Community Hospital**

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

20. On or about May 15, 2020, and at all times relevant, in rendering medical care and treatment to Plaintiffs Decedent, BABY FETUS DAVIS, Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants, and/or employees, had a duty to possess and apply the knowledge, skill and care of a reasonably careful medical center, doctor, nurse and/or other professional under similar circumstances practicing in the same locality.

21. On or about May 15, 2020, and at all times relevant, Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants, and/or employees, negligently breached the aforesaid duty to Plaintiffs Decedent, BABY FETUS DAVIS, in one or more of the following ways:

a. Failed to assess, triage, and perform a medical screening on Decedent, Lolita Davis and Baby Fetus Davis;

FILED DATE: 1/31/2025 10:41 AM 2025L001436

b. Failed to transfer, Decedent, Lolita Davis to obstetrics and gynecology triage upon her arrival in the Emergency Department;

c. Failed to timely triage Decedent, Lolita Davis and Baby Fetus Davis;

d. Failed to treat Decedent, Lolita Davis's complaints of abdominal pain and elevated blood pressure;

e. Failed to place a fetal heart monitor on Decedent, Baby Fetus Davis;

f. Failed to perform a detailed intake and history of Decedent, Lolita Davis and her present condition as 30-week pregnant woman;

g. Failed to timely administer medication to treat Decedent, Lolita Davis's elevated blood pressure;

h. Failed to monitor Decedent, Lolita Davis and Baby Fetus Davis, sufficiently and closely upon triage;

i. Failed to timely admit Decedent, Lolita Davis;

j. Failed to perform an emergency cesarean section when Decedent, Lolita Davis became unresponsive;

k. Otherwise deviated from the standard of care by failing to timely diagnose and treat Decedent, Lolita Davis's serious medical condition and its effects on Decedent, Baby Fetus Davis.

22. As a direct and proximate result of one or more of the aforementioned continuous negligent acts or omissions of Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants and/or employees, Plaintiffs Decedent, BABY FETUS DAVIS, was caused to suffer serious and permanent injury, including death.

23. The Plaintiff, GAIL CANNON, Independent Administrator, brings this action pursuant to 740 ILCS 180/1, et. seq., commonly known as the Wrongful Death Act.

FILED DATE: 1/31/2025 10:41 AM 2025L001436

24. At the time of Decedent, Baby Fetus Davis' death, he/she left surviving him/her the following known next-of-kin: Father, Marcus Cannon, Sister, Marlissa Cannon, Brother, Demarcus Cannon, and Sister, Lela Davis.

25. The Decedent, BABY FETUS DAVIS, left surviving her at the time of her death, next-of-kin, who by reason of Decedent, BABY FETUS DAVIS's, death did sustain grief, sorrow and pecuniary losses including but not limited to goods, services and loss of society.

26. Plaintiff, GAIL CANNON, and Independent Administrator of the Estate of BABY FETUS DAVIS, attaches affidavits and certification for an action in medical negligence in compliance with 735 ILCS 5/2-622, as Exhibit A.

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of BABY FETUS DAVIS, by and through her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants and/or employees, in an amount in excess of $50,000.00, plus costs of this action.

**COUNT VIII: WRONGFUL DEATH/ MEDICAL NEGLIGENCE**
**Gail Cannon, as Independent Administrator of the Estate of Baby Fetus Davis v Emergency Medical Specialists, S.C.**

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

20. On or about May 15, 2020, and at all times relevant, in rendering medical care and treatment to Plaintiffs Decedent, BABY FETUS DAVIS, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants, and/or employees, had a duty to possess and apply the knowledge, skill and care of a reasonably careful medical center, doctor, nurse and/or other professional under

FILED DATE: 1/31/2025 10:41 AM 2025L001436

similar circumstances practicing in the same locality.

21. On or about May 15, 2020, and at all times relevant, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants, and/or employees, negligently breached the aforesaid duty to Plaintiffs Decedent, BABY FETUS DAVIS, in one or more of the following ways:

a. Failed to assess, triage, and perform a medical screening on Decedent, Lolita Davis and Baby Fetus Davis;

b. Failed to transfer, Decedent, Lolita Davis to obstetrics and gynecology triage upon her arrival in the Emergency Department;

c. Failed to timely triage Decedent, Lolita Davis and Baby Fetus Davis;

d. Failed to treat Decedent, Lolita Davis's complaints of abdominal pain and elevated blood pressure;

e. Failed to place a fetal heart monitor on Decedent, Baby Fetus Davis;

f. Failed to perform a detailed intake and history of Decedent, Lolita Davis and her present condition as 30-week pregnant woman;

g. Failed to timely administer medication to treat Decedent, Lolita Davis's elevated blood pressure;

h. Failed to monitor Decedent, Lolita Davis and Baby Fetus Davis, sufficiently and closely upon triage;

i. Failed to timely admit Decedent, Lolita Davis;

j. Failed to perform an emergency cesarean section when Decedent, Lolita Davis became unresponsive;

k. Otherwise deviated from the standard of care by failing to timely diagnose and treat Decedent, Lolita Davis's serious medical condition and its effects on Decedent, Baby Fetus Davis.

22. As a direct and proximate result of one or more of the aforementioned continuous negligent acts or omissions of Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C.,

FILED DATE: 1/31/2025 10:41 AM 2025L001436

individually and/or by and through its actual or apparent agents, servants and/or employees, Plaintiffs Decedent, BABY FETUS DAVIS, was caused to suffer serious and permanent injury, including death.

23. The Plaintiff, GAIL CANNON, Independent Administrator, brings this action pursuant to 740 ILCS 180/1, et. seq., commonly known as the Wrongful Death Act.

24. At the time of Decedent, BABY FETUS DAVIS's death, he/she left surviving him/her the following next-of-kin: Father, Marcus Cannon, Sister, Marlissa Cannon, Brother, Demarcus Cannon, and Sister, Lela Davis.

25. The Decedent, BABY FETUS DAVIS, left surviving at the time of his/her death, next-of- kin, who by reason of Decedent, BABY FETUS DAVIS's, death did sustain grief, sorrow and pecuniary losses including but not limited to goods, services and loss of society.

26. Plaintiff, GAIL CANNON, and Independent Administrator of the Estate of BABY FETUS DAVIS, attaches affidavits and certification for an action in medical negligence in compliance with 735 ILCS 5/2-622, as Exhibit A

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of BABY FETUS DAVIS, by and through his/her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants and/or employees, in an amount in excess of $50,000.00, plus costs of this action.

**COUNT IX: SURVIVORSHIP**

**Gail Cannon, as Independent Administrator of the Estate of Baby Fetus Davis v Roseland Community Hospital**

FILED DATE: 1/31/2025 10:41 AM 2025L001436

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

20. On or about May 15, 2020, and at all times relevant, in rendering medical care and treatment to Plaintiffs Decedent, BABY FETUS DAVIS, Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants, and/or employees, had a duty to possess and apply the knowledge, skill and care of a reasonably careful medical center, doctor, nurse and/or other professional under similar circumstances practicing in the same locality.

21. On or about May 15, 2020, and at all times relevant, Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants, and/or employees, negligently breached the aforesaid duty to Plaintiffs Decedent, BABY FETUS DAVIS, in one or more of the following ways:

a. Failed to assess, triage, and perform a medical screening on Decedent, Lolita Davis and Baby Fetus Davis;

b. Failed to transfer, Decedent, Lolita Davis to obstetrics and gynecology triage upon her arrival in the Emergency Department;

c. Failed to timely triage Decedent, Lolita Davis and Baby Fetus Davis;

d. Failed to treat Decedent, Lolita Davis's complaints of abdominal pain and elevated blood pressure;

e. Failed to place a fetal heart monitor on Decedent, Baby Fetus Davis;

f. Failed to perform a detailed intake and history of Decedent, Lolita Davis and her present condition as 30-week pregnant woman;

g. Failed to timely administer medication to treat Decedent, Lolita Davis's elevated blood pressure;

FILED DATE: 1/31/2025 10:41 AM 2025L001436

h. Failed to monitor Decedent, Lolita Davis and Baby Fetus Davis, sufficiently and closely upon triage;

i. Failed to timely admit Decedent, Lolita Davis;

j. Failed to perform an emergency cesarean section when Decedent, Lolita Davis became unresponsive;

k. Otherwise deviated from the standard of care by failing to timely diagnose and treat Decedent, Lolita Davis's serious medical condition and its effects on Decedent, Baby Fetus Davis.

22. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, ROSELAND COMMUNITY HOSPITAL, individually and/or by and through its actual or apparent agents, servants and/or employees, Plaintiffs Decedent, BABY FETUS DAVIS, was caused to suffer serious and permanent injury, including death.

23. The Plaintiff, GAIL CANNON, Independent Administrator, brings this action pursuant to 755 ILCS 5/27-6, et. seq., commonly known as the Survival Act.

24. Plaintiff, GAIL CANNON, and Independent Administrator of the Estate of BABY FETUS DAVIS, attaches affidavits and certification for an action in medical negligence in compliance with 735 ILCS 5/2-622, as Exhibit A.

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of BABY FETUS DAVIS, by and through his/her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, ROSELAND COMMUNITY HOSPITAL, in an amount in excess of $50,000.00, plus costs of this action.

FILED DATE: 1/31/2025 10:41 AM 2025L001436

**COUNT X: SURVIVORSHIP**

**Gail Cannon, as Independent Administrator of the Estate of Baby Fetus Davis v Emergency Medical Specialists, S.C.**

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

20. On or about May 15, 2020, and at all times relevant, in rendering medical care and treatment to Plaintiffs Decedent, BABY FETUS DAVIS, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants, and/or employees, had a duty to possess and apply the knowledge, skill and care of a reasonably careful medical center, doctor, nurse and/or other professional under similar circumstances practicing in the same locality.

21. On or about May 15, 2020, and at all times relevant, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants, and/or employees, negligently breached the aforesaid duty to Plaintiffs Decedent, BABY FETUS DAVIS, in one or more of the following ways:

a. Failed to assess, triage, and perform a medical screening on Decedent, Lolita Davis and Baby Fetus Davis;

b. Failed to transfer, Decedent, Lolita Davis to obstetrics and gynecology triage upon her arrival in the Emergency Department;

c. Failed to timely triage Decedent, Lolita Davis and Baby Fetus Davis;

d. Failed to treat Decedent, Lolita Davis's complaints of abdominal pain and elevated blood pressure;

e. Failed to place a fetal heart monitor on Decedent, Baby Fetus Davis;

f. Failed to perform a detailed intake and history of Decedent, Lolita Davis and her present condition as 30-week pregnant woman;

FILED DATE: 1/31/2025 10:41 AM 2025L001436

g. Failed to timely administer medication to treat Decedent, Lolita Davis's elevated blood pressure;

h. Failed to monitor Decedent, Lolita Davis and Baby Fetus Davis, sufficiently and closely upon triage;

i. Failed to timely admit Decedent, Lolita Davis;

j. Failed to perform an emergency cesarean section when Decedent, Lolita Davis became unresponsive;

k. Otherwise deviated from the standard of care by failing to timely diagnose and treat Decedent, Lolita Davis's serious medical condition and its effects on Decedent, Baby Fetus Davis.

22. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually and/or by and through its actual or apparent agents, servants and/or employees, Plaintiffs Decedent, BABY FETUS DAVIS, was caused to suffer serious and permanent injury, including death.

23. The Plaintiff, GAIL CANNON, Independent Administrator, brings this action pursuant to 755 ILCS 5/27-6, et. seq., commonly known as the Survival Act.

24. Plaintiff, GAIL CANNON, and Independent Administrator of the Estate of BABY FETUS DAVIS, attaches affidavits and certification for an action in medical negligence in compliance with 735 ILCS 5/2-622, as Exhibit A.

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of BABY FETUS DAVIS, by and through his/her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., in an amount in excess of $50,000.00, plus costs of this action.

FILED DATE: 1/31/2025 10:41 AM 2025L001436

**COUNT XI: INSTITUTIONAL NEGLIGENCE**

**Gail Cannon, as Independent Administrator of the Estate of Baby Fetus Davis v Roseland Community Hospital**

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

20. At all relevant times, Defendant, ROSELAND COMMUNITY HOSPITAL, had a duty to act as a reasonably careful Medical Center would under similar circumstances.

21. On or about May 15, 2020, and at all relevant times, Defendant, ROSELAND COMMUNITY HOSPITAL, negligently breached the aforesaid duty to Decedent, BABY FETUS DAVIS, in one or more of the following ways:

a. Failed to implement an appropriate triage protocol, policy, and/or procedure and/or failed to enforce the same, for the care of an emergent 30-week pregnant woman;

b. Failed to implement an appropriate triage protocol, policy, and/or procedure, and/or failed to enforce the same, for the documentation of the intake and/or triage of patients coming into the hospital;

c. Failed to hire and retain capable staff for the treatment of a 30-week pregnant emergent patient;

d. Failed to implement an appropriate triage protocol, policy, and/or procedure, and/or failed to enforce the same, for the proper prioritization of patients for admission;

e. Failed to implement an appropriate triage and transfer protocol, policy, and/or procedure, and/or failed to enforce the same, for the transfer of 30-week pregnant patients to be transferred for immediate assessment and/or triage by obstetrics and gynecology;

f. Failed to implement an appropriate protocol, policy, and/or procedure, and/or failed to enforce the same, for monitoring the fetal heart rate of an unborn fetus;

FILED DATE: 1/31/2025 10:41 AM 2025L001436

g. Failed to implement an appropriate protocol, policy, and/or procedure, and/or failed to enforce the same, for the delivery of a 30-week baby in fetal distress;

h. Failed to implement an appropriate protocol, policy, and/or procedure, and/or failed to enforce the same, for performance of an emergency cesarean section for a baby who is fetal distress; and/or

i. Otherwise failed to implement or enforce appropriate protocol, policy and/or procedure to avoid injury to the Decedent, BABY FETUS DAVIS.

22. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, ROSELAND COMMUNITY HOSPITAL, individually, Plaintiff's Decedent, BABY FETUS DAVIS, was caused to suffer serious and permanent injury, including death.

23. Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of BABY FETUS DAVIS, attaches affidavits and certification for an action in medical negligence in compliance with 735 ILCS 5/2-622, as Exhibit A.

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of BABY FETUS DAVIS, by and through her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, ROSELAND COMMUNITY HOSPITAL, individually, in an amount in excess of $50,000.00, plus costs of this action.

## COUNT XII: INSTITUTIONAL NEGLIGENCE

**Gail Cannon, as Independent Administrator of the Estate of Baby Fetus Davis v Emergency Medical Specialists, S.C.**

1-19. The Plaintiff, GAIL CANNON, Independent Administrator, incorporates by reference the General Allegations as if fully stated herein.

FILED DATE: 1/31/2025 10:41 AM 2025L001436

20. At all relevant times, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., had a duty to act as a reasonably careful Medical Corporation would under similar circumstances.

21. On or about May 15, 2020, and at all relevant times, Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., negligently breached the aforesaid duty to Decedent, BABY FETUS DAVIS, in one or more of the following ways:

a. Failed to implement an appropriate triage protocol, policy, and/or procedure and/or failed to enforce the same, for the care of an emergent 30-week pregnant woman;

b. Failed to implement an appropriate triage protocol, policy, and/or procedure, and/or failed to enforce the same, for the documentation of the intake and/or triage of patients coming into the hospital;

c. Failed to hire and retain capable staff for the treatment of a 30-week pregnant emergent patient;

d. Failed to implement an appropriate triage protocol, policy, and/or procedure, and/or failed to enforce the same, for the proper prioritization of patients for admission;

e. Failed to implement an appropriate triage and transfer protocol, policy, and/or procedure, and/or failed to enforce the same, for the transfer of 30-week pregnant patients to be transferred for immediate assessment and/or triage by obstetrics and gynecology;

f. Failed to implement an appropriate protocol, policy, and/or procedure, and/or failed to enforce the same, for monitoring the fetal heart rate of an unborn fetus;

g. Failed to implement an appropriate protocol, policy, and/or procedure, and/or failed to enforce the same, for the delivery of a 30-week baby in fetal distress;

h. Failed to implement an appropriate protocol, policy, and/or procedure, and/or failed to enforce the same, for performance of an emergency cesarean section for a baby who is fetal distress; and/or

i. Otherwise failed to implement or enforce appropriate protocol, policy and/or procedure to avoid injury to the Decedent, BABY FETUS DAVIS.

22. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions of Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually,

FILED DATE: 1/31/2025 10:41 AM 2025L001436

Plaintiffs Decedent, BABY FETUS DAVIS, was caused to suffer serious and permanent injury, including tachycardia, a cardio-pulmonary episode, and ultimately death.

23. Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of BABY FETUS DAVIS, attaches affidavits and certification for an action in medical negligence m compliance with 735 ILCS 5/2-622, as Exhibit A.

WHEREFORE, the Plaintiff, GAIL CANNON, as Independent Administrator of the Estate of BABY FETUS DAVIS, by and through her attorneys, NAPLETON & PARTNERS, respectfully requests that this Honorable Court enter judgment against Defendant, EMERGENCY MEDICAL SPECIALISTS, S.C., individually, in an amount in excess of $50,000.00, plus costs of this action.

Respectfully submitted,

*/s/ Brion W. Doherty*
BRION W. DOHERTY
Attorney for Plaintiff

**NAPLETON & PARTNERS**
140 S. Dearborn, Ste. 1500
Chicago, IL 60603
(312) 726-2699
Attorney No. 101359
bdoherty@rjnlawoffice.com

FILED DATE: 8/26/2020 10:54 AM 2020L009138

FILED
8/26/2020 10:54 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L009138

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, deceased,

Plaintiff,

v.

ROSELAND COMMUNITY HOSPITAL, and EMERGENCY MEDICAL SPECIALISTS, S.C.,

Defendants.

Case No.: 2020L009138

## AFFIDAVIT

I, ASHLEY M. MURRAY, being first duly sworn, depose and state as follows pursuant to 735 ILCS 5/2-622:

1. That I am one of the attorneys for the Plaintiff in this action;

2. [redacted];

3. The undersigned attorney has been able to consult with an emergency room physician qualified per statute (hereinafter "ER Physician") and I reasonably believe:

   a) ER Physician. is knowledgeable in the relevant issues involved in this action;

   b) ER Physician. practices, or has practiced within the last 6 years, or teaches, or has taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action; and

   c) ER Physician meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501.

4. That the reviewing health professional, ER Physician, has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing

PLAINTIFF'S EXHIBIT
tabbies
A

FILED DATE: 8/26/2026 10:54 AM 2026L009436

of this action. ER Physician's report is attached as Exhibit A.

5. ER Physician. has concluded on ER Physician's review and consultation that there is a reasonable and meritorious cause for filing of this action.

6. That ER Physician is personally familiar with the methods, procedures, and treatment with regard to the normal, usual, and customary emergency medicine procedures, triage procedures, and/or obstetric procedures for triaging and treating pregnant women and unborn fetuses, based on his knowledge, training, education, and experience and is qualified by experience with the standard of care, methods, procedures and treatments relevant to the allegations at issue in the case.

7. Further, based on my review of the records and consultations with the doctor, there is a reasonable and meritorious cause for filing of this action.

FURTHER AFFIANT SAYETH NOT.

O'CONNOR LAW FIRM, LTD.

Ashley M. M[illegible]

ASHLEY M. MURRAY

O'CONNOR LAW FIRM, LTD.
19 S. LaSalle, Suite 1400
Chicago, Illinois 60603
Attorney No.: 56312
P: (312) 906-7609 | F: (312) 263-1913
firm@koconnorlaw.com
www.koconnorlaw.com

FILED DATE: 8/26/2026 10:54 AM 2026L009438

Ashley M. Murray
O'Connor Law Firm, Ltd.
19 South LaSalle Street, Ste. 1400
Chicago, IL 60603

RE: Estate of Lolita Davis and Estate of Baby Fetus Davis v. Roseland Community Hospital and Emergency Medical Specialists, S.C

I am board certified in internal medicine. I am currently practicing internal and emergency medicine and have been doing so for over 28 years.

I have reviewed the records from Roseland Community Hospital from May 10, 2020 – May 15, 2020 and the City of Chicago Fire Department Run Reports from May 10, 2020 and May 15, 2020.

On May 15, 2020, Lolita Davis was 30 weeks pregnant when she presented to Roseland Community Hospital Emergency Room via Chicago Fire Department Ambulance complaining of abdominal pain and with an elevated BP of 163/110 at approximately 11:45 a.m. Lolita Davis sat in the Emergency Room Department for over three hours without being assessed, triaged, and/or provided a medical screening exam. Roseland Community Hospital, Emergency Medical Specialists, S.C., and their agents, servants, and employees failed to document that Lolita Davis was 30 weeks pregnant and as a result she was not appropriately triaged which was required.

The employee doctors, nurses and other staff members (Staff) knew and/or should have known that the appropriate treatment for a woman who is 30 weeks pregnant with abdominal pain is to assess, triage, perform a medical screening and transfer for further assessment to obstetrics and gynecology triage, and to perform close monitoring of the fetus on a heart monitor. Further, the Staff members knew or should have known that once Lolita Davis did receive treatment that both a heart monitor for Ms. Davis and a fetal heart monitor were necessary to ensure the well-being and livelihood of Ms. Davis and Baby Fetus Davis. Roseland Community Hospital and Emergency Medical Specialists, S.C., by and through their employees, failed to exercise appropriate precautions to care for Lolita Davis and Baby Fetus Davis which ultimately led to their deaths.

Once triaged it was clear that Lolita Davis was suffering from an emergent condition, as her BP was 146/79, which the Staff knew and/or should have known would result in an elevated heart rate in Baby Fetus Davis. Upon triage and assessment Lolita Davis experienced tachycardia and ultimately had a cardio-pulmonary episode causing her to become unresponsive. Immediately prior to this, one fetal heart rate reading was taken. The fetal heart rate of Baby Fetus Davis was 184 BPM. The Staff knew and/or should have known that this fetal heart reading was too high and that Baby Fetus Davis was not receiving enough oxygen. The Staff knew and/or should have known that the standard of care required that Baby Fetus Davis be placed on a fetal heart monitor and that an emergency cesarean section should have been performed to ensure Baby Fetus Davis's well-being.

FILED DATE: 8/26/2020 10:54 AM 2020L009436

After reviewing the records, it is my professional opinion that Emergency Medical Specialists, S.C. and Roseland Community Hospital, its Emergency Department, and its employees, nurses, and other medical staff deviated from the standard of care on May 15, 2020, resulting in the death of Baby Fetus Davis. The Staff also deviated from the standard of care on that date when they failed to timely triage Lolita Davis, failed to treat Lolita's complaints of abdominal pain and elevated blood pressure, failed to monitor the fetal heart rate of Baby Fetus Davis, and failed to perform an emergency cesarean section. Roseland Community Hospital, Emergency Medical Specialists, S.C., and their agents, servants, and employees deviated from the standard of care on or about May 15, 2020, which resulted in Lolita Davis suffering a cardio-pulmonary episode, her own death and the death of Baby Fetus Davis.

In my opinion, after reviewing the medical records and run reports, there is a reasonable and meritorious cause of action against Roseland Community Hospital, its Emergency Department, including its doctors, nurses, and other medical staff and Emergency Medical Specialists, S.C. and its employees, for a breach of the standard of care. I also believe there is a reasonable and meritorious cause of action for negligence against Roseland Community Hospital and/or its Emergency Department and Emergency Medical Specialists, S.C. for their institutional failure to have the appropriate policies and procedures in place, and/or enforcement of said policies and procedures for the care of a 30-week pregnant emergent patient.

Sincerely,

[redacted]

[redacted]

FILED DATE: 1/31/2025 10:41 AM 2025L001436

**Appearance/Jury Demand** **(12/01/24) CCL 0530**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

GAIL CANNON, as Independent Administrator of the Estate of LOLITA DAVIS, deceased, and as Independent Administrator of the Estate of BABY FETUS DAVIS, deceased

**Plaintiff**

**v.**

ROSELAND COMMUNITY HOSPITAL, and EMERGENCY MEDICAL SPECIALISTS, S.C.

**Defendant**

**Case No.** ______________

**Calendar:** ______________

**APPEARANCE/JURY DEMAND**

☐ **General Appearance**

☑ **Jury Demand**

○ **0900 - Appearance - Fee Paid**
○ **0909 - Appearance- No Fee**
○ **0904 - Appearance Filed - Fee Waived**
○ **1900 - Appearance & Jury Demand - Fee Paid**
○ **1909 - Appearance & Jury Demand - No Fee**

**The undersigned enters the appearance of:** ◉ **Plaintiff** ○ **Defendant** ○ **Additional Party** ○ **Respondent-in-discovery**

Brion W. Doherty/NAPLETON & PARTNERS

**Litigant's Name**

/s/ Brion W. Doherty
**Signature**

☑ **INITIAL COUNSEL OF RECORD** ☐ **PRO SE**
☐ **ADDITIONAL APPEARANCE** ☐ **SUBSTITUTE APPEARANCE**

**A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.**

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 1/31/2025 10:41 AM 2025L001436

◉ **Atty. No.:** 101359 ○ **Pro Se 99500**

**Name:** Brion W. Doherty

**Atty. for (if applicable):**

Plaintiff

**Address:** 140 S. Dearborn Ste. 1500

**City:** Chicago

**State:** IL **Zip:** 60603

**Telephone:** 3127262699

**Primary Email:** bdoherty@rjnlawoffice.com

**Pro Se Only:**

☐ **I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:**

______________________________

Form G-4

PLAINTIFF'S EXHIBIT
2

# REQUIRED STATEMENT
## TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY

All Cases: Debtor(s) Roseland Community Hospital Case No. 26-18477 Chapter 11

All Cases: Moving Creditor Gail Cannon Date Case Filed 11/4/26

Nature of Relief Sought: ☑ Lift Stay ☐ Annul Stay ☐ Other (describe) ______

Chapter 13: Date of Confirmation Hearing ______ or Date Plan Confirmed ______

Chapter 7: ☐ No-Asset Report Filed on ______
☐ No-Asset Report not Filed, Date of Creditors Meeting ______

1. Collateral
   a. ☐ Home
   b. ☐ Car Year, Make, and Model ______
   c. ☑ Other (describe) N/A No Collateral Involved

2. Balance Owed as of Petition Date $ Settlement thru ProAssurance
   Total of all other Liens against Collateral $______

3. In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the amounts and dates of all payments received from the debtor(s) post-petition.

4. Estimated Value of Collateral (must be supplied in *all* cases) $ n/a

5. Default
   a. ☐ Pre-Petition Default
      Number of months ______ Amount $ ______
   b. ☐ Post-Petition Default
      i. ☐ On direct payments to the moving creditor
         Number of months ______ Amount $ ______
      ii. ☐ On payments to the Standing Chapter 13 Trustee
         Number of months ______ Amount $ ______

6. Other Allegations
   a. ☐ Lack of Adequate Protection § 362(d)(1)
      i. ☐ No insurance
      ii. ☐ Taxes unpaid Amount $ ______
      iii. ☐ Rapidly depreciating asset
      iv. ☐ Other (describe) ______
   b. ☑ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)
   c. ☑ Other "Cause" § 362(d)(1)
      i. ☐ Bad Faith (describe) ______
      ii. ☐ Multiple Filings
      iii. ☑ Other (describe) Wrongful death settlement
   d. Debtor's Statement of Intention regarding the Collateral
      i. ☐ Reaffirm ii ☐ Redeem iii. ☐ Surrender iv. ☑ No Statement of Intention Filed

Date: November 10, 2026

Patrick J. Giese / Napleton & Partners
Counsel for Movant

(Rev. 12 /21/09)